# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EMMA KOE et al., <br><br> Plaintiffs, <br><br> v. <br><br> CAYLEE NOGGLE et al., <br><br> Defendants. | CIVIL ACTION NO. |

## PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER & PRELIMINARY INJUNCTION

Plaintiffs Emma and Amy Koe; Hailey and Tori Moe; Rita, Bill, and Brent Soe; Paul Voe; Anna, Scott, and Lisa Zoe; and TransParent, by and through their undersigned counsel, hereby move the Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order and/or a preliminary injunction enjoining the enforcement of Georgia Senate Bill 140 (the "Health Care Ban" or "Ban") prior to its July 1, 2023 effective date.

As detailed more fully in the accompanying Memorandum of Law, Plaintiffs satisfy the requirements for a temporary restraining order and/or a preliminary

injunction.[1] *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (setting forth the requirements for injunctive relief); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (same standard applies to preliminary injunction and request for a temporary restraining order); *Eknes-Tucker v. Marshall*, 603 F. Supp. 3d 1131, 1150 (M.D. Ala. 2022) (plaintiffs demonstrated risk of irreparable harm where act banned gender-affirming care for minors).

Plaintiffs are likely to succeed on the merits. Specifically, the Ban deprives parents of the fundamental right to obtain established medical care for their children, in violation of the Fourteenth Amendment to the United States Constitution. In addition, the Ban violates the Equal Protection Clause of the Fourteenth Amendment by singling out transgender minors and prohibiting them from obtaining medically necessary treatment. The Ban's infringement on parental rights is not narrowly tailored to achieve a compelling government interest. And

---

[1] Unlike a preliminary injunction, a temporary restraining order "usually refers to a short-term emergency order issued to preserve the status quo until the Court can convene a preliminary injunction hearing" and "is often issued without notice to the adverse party and expires after a short amount of time. A preliminary injunction, on the other hand, is usually entered only after full briefing and lasts until a permanent injunction or final judgment is entered." *Moore v. Comm'r of Georgia Dep't of Corr.*, No. 5:19-CV-473 (MTT), 2021 WL 707864, at *1 n. 1 (M.D. Ga. Feb. 23, 2021) (citing Fed. R. Civ. P. 65 and *Haitian Refugee Ctr., Inc. v. Baker*, 950 F.2d 685, 686 (11th Cir. 1991)).

the Ban's targeting of transgender minors on the basis of their sex and transgender status is not substantially related to any important government interest.

If the Ban is not enjoined, Plaintiffs will suffer immediate and irreparable harm. Parent Plaintiffs and TransParent Plaintiff's members will be deprived of their fundamental right to obtain safe and needed medical care for their children. And Minor Plaintiffs will be denied the care they need for a serious medical condition, resulting in a cascade of medical, emotional, and psychological harms. Plaintiffs have no adequate remedy at law.

The balance of equities and the public interest also favors Plaintiffs because the irreparable injuries far outweigh any burden on Defendants that might result from enjoining the bans during the pendency of this case. The Ban prohibits care that is well-established and medically necessary for transgender minors. In contrast, preventing enforcement of the Ban while this litigation proceeds poses no harm to Defendants and will preserve the status quo.

The Ban permits continued treatment of transgender minors who were already receiving medications for the treatment of gender dysphoria before the Ban takes effect. If these treatments are appropriate for transgender minors already receiving them, there is no justification for denying them to transgender minors

who require them in the future, even under the lowest level of review, much less under the heightened scrutiny that applies here.

Plaintiffs respectfully request this Court exercise its discretion to waive the Federal Rule of Civil Procedure 65(c) security requirement. *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005). Public interest litigation is a recognized exception to the bond requirement, especially where, as here, the bond would injure Plaintiffs' constitutional rights and the relief sought would not pose a hardship to Defendants.

Lastly, pursuant to Local Rule 7.2(B), Plaintiffs request that the Court shorten the time requirements for briefing on this motion and set a hearing as soon as the matter is briefed and the Court's schedule permits. Good cause supports this request: the Ban denies Parent Plaintiffs and TransParent's members the ability to obtain medical care that their children's treating physicians recommend—and that the parents agree is essential to their children's well-being—and it prevents Minor Plaintiffs from receiving time-sensitive medical care or planning for receipt of that care. *See Shipley v. Hypercom Corp.*, Case No. 1:09-CV-0265-CAP-RGV, 2010 WL 11453635, at *4 (N.D. Ga. Mar. 15, 2010) (Local Rule 7.2 permits waiver of time requirements upon filing a written motion and showing cause).

Accordingly, and for the reasons set forth in the accompanying Memorandum of Law, Plaintiffs respectfully request that this Motion for Temporary Restraining Order & Preliminary Injunction, be granted without security. *See City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. Unit B 1981) (recognizing "an exception to the Rule 65 security requirement" for "public-interest litigation"); *BellSouth*, 425 F.3d at 971 (citing *City of Atlanta* with approval). Plaintiffs further request the Court set an expedited briefing and hearing schedule given the time-sensitive nature of the medical care at risk under the Ban.

Respectfully submitted on June 29, 2023.

SOUTHERN POVERTY LAW CENTER
/s/ Elizabeth Littrell
Elizabeth Littrell (GA Bar No. 454949)
Maya Rajaratnam (GA Bar No. 452753)
150 Ponce de Leon Ave.
Ste. 340, Decatur GA 30030
Fax: (404) 221-5857
Email: Beth.Littrell@splcenter.org
Phone: (404) 221-5876
Maya.Rajaratnam@splcenter.org
Phone: (334) 398-0328

O'MELVENY & MYERS
/s/ Benjamin G. Bradshaw
Benjamin G. Bradshaw (pro hac vice forthcoming)
Deanna M. Rice (pro hac vice forthcoming)
Meredith Garagiola (pro hac vice forthcoming)
Danielle Siegel (pro hac vice forthcoming)
Patric Reinbold (pro hac vice forthcoming)
Carly Gibbs (pro hac vice forthcoming)
O'MELVENY & MYERS LLP

Scott D. McCoy (FL Bar No. 1004965)
2 Biscayne Boulevard, Suite 3750
Miami, FL 33131
Email: Scott.McCoy@splcenter.org
Phone: (334) 224-4309

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF GEORGIA
Cory Isaacson
Georgia Bar No. 983797
Nneka Ewulonu
Georgia Bar No. 373718
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF GEORGIA
P.O. Box 570738
Atlanta, GA 30357
Telephone: (770) 415-5490
CIsaacson@acluga.org
NEwulonu@acluga.org

HUMAN RIGHTS CAMPAIGN FOUNDATION
Cynthia Cheng-Wun Weaver* NY No. 5091848
Ami Rakesh Patel* CA No. 325647
1640 Rhode Island Avenue NW
Washington, D.C. 20036
(202) 993-4180
Cynthia.Weaver@hrc.org
Ami.Patel@hrc.org

1625 Eye Street N.W.
Washington, DC 20006
Tel: 202-383-5300
bbradshaw@omm.com
drice@omm.com
mgaragiola@omm.com
dsiegel@omm.com
preinbold@omm.com
cgibbs@omm.com

Stephen McIntyre (pro hac vice forthcoming)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Tel: 213-430-6000
smcintyre@omm.com

Paul Sieben (pro hac vice forthcoming)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025-7019
Tel: 650-473-2600
psieben@omm.com

Jennifer Beard (pro hac vice forthcoming)
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
Tel: 415-984-8700
jbeard@omm.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 29, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. There is currently no Counsel of Record for Defendants, and so I certify that I will serve the foregoing on Defendants along with the Complaint.

/ s/ Elizabeth Littrell
Elizabeth Littrell