# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EMMA KOE et al., <br><br> Plaintiffs, <br><br> v. <br><br> CAYLEE NOGGLE et al., <br><br> Defendants. | CIVIL ACTION NO. |

## MOE MOTION FOR LEAVE TO PROCEED USING PSEUDONYMS

Plaintiffs Hailey Moe and Tori Moe, by and through their undersigned counsel, respectfully move this Court for leave to proceed pseudonymously.

Hailey Moe seeks to proceed under fictitious names for both herself and her child to protect the identity of her child, Tori Moe, a minor. Though Federal Rule of Civil Procedure 5.2(a) entitles the minor child Tori Moe to proceed under her initials, proceeding under a pseudonym rather than initials will protect both the Moe Family and, more particularly, Tori Moe, from harassment, discrimination, and violence given the sensitive nature of these proceedings. It also will allow for ease of comprehension given the multiple plaintiffs involved in the case. Further,

the identification of Hailey Moe by her legal name would likely erase Tori Moe's confidentiality because Tori Moe would be readily identifiable by the name of her parent.

Because Tori Moe's need for privacy and protection outweighs the presumption of openness in federal courts, and proceeding via pseudonyms will not prejudice Defendants, who will know the identities of the parties, Tori Moe and her parent, Hailey Moe, should be allowed to proceed under fictitious names.

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION**

In the Eleventh Circuit, "[a] party may proceed anonymously in a civil suit in federal court by showing that he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011) (internal quotation marks omitted); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). When the standard for anonymity is met, both minor litigants and their parents or guardians may proceed anonymously in order to sufficiently protect the minor's identity. *See, e.g.*, *D.L. ex rel. Phan L. v. Bateman*, 2012 WL 1565419, at *2 (M.D. Fla. May 2, 2012) (holding that legal guardians may proceed anonymously where the "public disclosure of their identities would nullify any privacy protection given to their children alone").

A court should carefully review all circumstances of a given case and then decide whether the customary practice of disclosing the party's identity should yield to the party's privacy concerns. *Plaintiff B.*, 631 F.3d at 1316. Relevant circumstances include: (1) whether the persons seeking anonymity are challenging government activity; (2) whether the litigation would require those persons to disclose information of the utmost intimacy; (3) whether those persons are minors; (4) whether disclosure would make those persons the subject of retaliatory harassment or violence; and (5) whether anonymity poses a unique threat of fundamental unfairness to the defendant. *Id.*

Under the particular circumstances of this case, it is appropriate to allow the Moe Family to proceed anonymously through fictitious names. First, the Moe Family, along with the other Plaintiffs in this litigation, seek to challenge government activity—specifically, the enactment of S.B. 140. Governmental entities do not have the same interest in protecting their reputation that private parties do. Because of this difference in reputational interests, "[b]asic fairness dictates that those among [a private party's] accusers who wish to participate in [a] suit as individual party plaintiffs must do so under their real names[,]" but the same is not true of plaintiffs suing the government. *See S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

Second, this litigation involves very sensitive and personal information. Details of Tori Moe's medical history and experience as a transgender minor will be rendered public through this litigation. Courts have recognized the inherently private nature of a person's transgender status. *See, e.g.*, *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) ("The excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, is really beyond debate."); *Foster v. Andersen*, No. 18-2552-DDC-KGG, 2019 WL 329548, at *2 (D. Kan. Jan. 25, 2019) ("[T]he disclosure of [plaintiff]'s identity would reveal matters of a highly sensitive and personal nature, specifically [plaintiff]'s transgender status and his diagnosed medical condition—gender dysphoria."); *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018) (recognizing that "there are few areas which more closely intimate facts of a personal nature than one's transgender status") (internal quotation marks omitted); *Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015) (finding that disclosing plaintiffs' transgender status would implicate their fundamental right of privacy); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. 1992) (finding a substantial privacy interest at stake for plaintiff seeking to recoup medical expenses incurred in connection with a sex change).

Third, Tori Moe is a minor. Fed. R. Civ. P. 5.2(a) already permits minor plaintiffs to proceed anonymously through their initials, recognizing an increased need for privacy and protection for matters involving children. Because of this increased need, courts have allowed both minors and their parents to proceed under pseudonyms where the interests of minor children are at stake. *See, e.g.*, *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) (observing that fictitious names are allowed when necessary to protect children's privacy); *Doe v. Stegall*, 653 F.2d, 180, 186 (5th Cir. 1981) (permitting minor children and their mother to use fictitious names as minor children are more vulnerable to potential harassment or violence against the family); *Doe v. Banos*, 713 F. Supp. 2d 404, 407 n.1 (D. N.J. 2010) (stating that the pseudonym of father and daughter was used "to protect the identity of the family because Jane Doe is a fifteen-year old minor"); *Sims v. Lakeside School*, No. 06-1412 RSM, 2007 WL 4219347, at *1 (W.D. Wash. November 28, 2007) (finding pseudonyms for both parents and children were appropriate in order to protect the interests of the minor children involved and recognizing a strong public policy in favor of protecting the identity of children). More specifically, courts have granted permission to proceed using pseudonyms in cases, like this one, that involve claims by transgender youth. *See, e.g.*, *Doe et al. v. Ladapo et al.*, No. 4:23-cv-00114-RH-MAF, ECF No. 51,

Order at 1 (N.D. Fla. May 3, 2023); *Doe v. Volusia Cnty. Sch. Bd.*, No. 18-cv-00102-RBD-GJK, ECF No. 8, Order at 2 (M.D. Fla. Jan. 30, 2018); *Bd. of Educ. Highland Local Sch. Dist. v. U.S. Dep't of Educ.*, No. 16-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016); *Doe v. U.S.*, No. 16-0640, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016).

Fourth, transgender persons in the United States and, more particularly, transgender minors and their families, have regularly faced stigmatization, discrimination, and violence.[1] Numerous courts have reached this conclusion. *See, e.g.*, *Whitaker ex rel. Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017) ("There is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity.") (abrogated on other grounds); *Foster*, 2019 WL 329548, at *2 ("[Plaintiff] alleges that disclosing his transgender status will subject him to discrimination, harassment, and violence. The court finds [plaintiff]'s fears are

---

[1] A 2015 study revealed that nearly half (48%) of transgender people have been denied equal treatment, verbally harassed, and/or physically attacked because of being transgender. And 54% of K-12 students who are or are perceived as being transgender reported experiencing verbal harassment, while 24% experienced physical attacks. *See* James, S. E., et al., *The Report of the 2015 U.S. Transgender Survey, Nat'l Ctr. for Transgender Equality*, 132, 198 (2016), available at extension://efaidnbmnnnibpcajpcglclefindmkaj/https://transequality.org/sites/default/files/docs/usts/USTS-Full-Report-Dec17.pdf.

6

justified."); *see also F.V. v. Barron*, 286 F. Supp. 3d 1131, 1137–38 (D. Idaho 2018); *Arroyo*, 305 F. Supp. 3d at 333; *Ray v. Himes*, No. 2:18-cv00272-MHW-CMV, 2019 WL 11791719, at *2 (S.D. Ohio Sept. 12, 2019); *Love*, 146 F. Supp. 3d at 856; *Adkins v. City of New York*, 143 F. Supp. 3d 134, 139 (S.D.N.Y. 2015).

It is in part because of the risks of discrimination, harassment, and violence that courts have allowed transgender plaintiffs like Tori Moe to proceed under pseudonyms. *See, e.g., Doe*, 794 F. Supp. at 73 (noting that "in this era of seemingly increased societal intolerance," the court "will not strip plaintiff of the cloak of privacy which shields him from the stigmatization he might otherwise endure"); *In re E.P.L.*, 891 N.Y.S.2d 619, 621 (N.Y. Sup. Ct. 2019) (shielding the publication of a transgender individual's name in seeking a court order regarding a name change based upon his "right to feel threatened for his personal safety in the event his transgender status is made public"). Indeed, the "most compelling situations [for pseudonymous plaintiffs] involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Doe*, 794 F. Supp. at 74.

Fifth, and finally, Defendants will not be prejudiced by the Moe Family proceeding pseudonymously. Indeed, the Moe Family does not seek to withhold

their identities from Defendants or the Court, but only to proceed pseudonymously and to prevent disclosure of their identities in public documents. Allowing the Moe family to proceed under pseudonyms under these conditions will not prejudice Defendants; Defendants will know their true identities, will have full discovery rights as the case progresses, and will only be barred from using or disclosing their names to the public or outside of litigation.

For these reasons, and where Tori Moe is already entitled to proceed anonymously under Fed. R. Civ. P. 5.2(a), Tori Moe's privacy rights outweigh the presumption of openness in judicial proceedings. The Court should likewise allow her parent Hailey Moe to proceed under pseudonym to protect Tori Moe's identity.

WHEREFORE, Plaintiffs Hailey Moe and Tori Moe respectfully request that this Court grant their Motion to Proceed Under Pseudonyms.

Respectfully submitted on June 29, 2023.

SOUTHERN POVERTY LAW CENTER
/s/ Elizabeth Littrell
Elizabeth Littrell (GA Bar No. 454949)
Maya Rajaratnam (GA Bar No. 452753)
150 Ponce de Leon Ave.

O'MELVENY & MYERS
/s/ Benjamin G. Bradshaw
Benjamin G. Bradshaw (pro hac vice forthcoming)
Deanna M. Rice (pro hac vice forthcoming)

Ste. 340, Decatur GA 30030
Fax: (404) 221-5857
Email: Beth.Littrell@splcenter.org
Phone: (404) 221-5876
Maya.Rajaratnam@splcenter.org
Phone: (334) 398-0328

Scott D. McCoy (FL Bar No. 1004965)
2 Biscayne Boulevard, Suite 3750
Miami, FL 33131
Email: Scott.McCoy@splcenter.org
Phone: (334) 224-4309

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF GEORGIA
Cory Isaacson
Georgia Bar No. 983797
Nneka Ewulonu
Georgia Bar No. 373718
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF GEORGIA
P.O. Box 570738
Atlanta, GA 30357
Telephone: (770) 415-5490
CIsaacson@acluga.org
NEwulonu@acluga.org

HUMAN RIGHTS CAMPAIGN FOUNDATION
Cynthia Cheng-Wun Weaver* NY No. 5091848
Ami Rakesh Patel* CA No. 325647
1640 Rhode Island Avenue NW
Washington, D.C. 20036
(202) 993-4180

Meredith Garagiola (pro hac vice forthcoming)
Danielle Siegel (pro hac vice forthcoming)
Patric Reinbold (pro hac vice forthcoming)
Carly Gibbs (pro hac vice forthcoming)
O'MELVENY & MYERS LLP
1625 Eye Street N.W.
Washington, DC 20006
Tel: 202-383-5300
bbradshaw@omm.com
drice@omm.com
mgaragiola@omm.com
dsiegel@omm.com
preinbold@omm.com
cgibbs@omm.com

Stephen McIntyre (pro hac vice forthcoming)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Tel: 213-430-6000
smcintyre@omm.com

Paul Sieben (pro hac vice forthcoming)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025-7019
Tel: 650-473-2600
psieben@omm.com

Jennifer Beard (pro hac vice forthcoming)
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor

Cynthia.Weaver@hrc.org
Ami.Patel@hrc.org

San Francisco, CA 94111-3823
Tel: 415-984-8700
jbeard@omm.com

## CERTIFICATE OF SERVICE

I hereby certify that, on June 29, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. There is currently no Counsel of Record for Defendants, and so I certify that I will serve the foregoing on Defendants along with the Complaint.

/ s/ Elizabeth Littrell
Elizabeth Littrell