# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EMMA KOE, individually and on behalf of her minor daughter, AMY KOE; HAILEY MOE, individually and on behalf of her minor daughter, TORI MOE; PAUL VOE; ANNA ZOE, individually and on behalf of her minor daughter, LISA ZOE; TRANSPARENT, on behalf of its members, | )<br>)<br>)<br>)  Civil Action No.<br>)  1:23-cv-02904-SEG<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) |
| CAYLEE NOGGLE, in her official capacity as Commissioner of the Georgia Department of Community Health; GEORGIA DEPARTMENT OF COMMUNITY HEALTH'S BOARD OF COMMUNITY HEALTH; NORMAN BOYD, ROBERT S. COWLES III, DAVID CREWS, RUSSELL CRUTCHFIELD, ROGER FOLSOM, NELVA LEE, MARK SHANE MOBLEY, CYNTHIA RUCKER, ANTHONY WILLIAMSON, in their official capacities as members of the Georgia Department of Community Health's Board of Community Health; THE GEORGIA COMPOSITE MEDICAL BOARD; JOHN S. | ) |

|  |  |
|---|---|
| SUBRAHMANYA BHAT, WILLIAM BOSTOCK, KATHRYN CHEEK, RUTHIE CRIDER, DEBI DALTON, CHARMAINE FAUCHER, AUSTIN FLINT, SREENIVASULU GANGASANI, JUDY GARDNER, ALEXANDER S. GROSS, CHARLES E. HARRIS, JR., J. JEFFREY MARSHALL, MATTHEW W. NORMAN, BARBY J. SIMMONS, in their official capacities as members of the Georgia Composite Medical Board; DANIEL DORSEY, in his official capacity as the Executive Director of the Georgia Composite Medical Board, <br><br>            Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## DECLARATION OF NANCY DOE

I, Nancy Doe,[1] hereby declare and state as follows:

1. I am over the age of eighteen, of sound mind, and in all respects competent to testify. I have personal knowledge of the information contained in this Declaration and would testify completely to those facts if called to do so.

---

[1] Because of concerns about my child's privacy and safety, I am seeking to proceed in this case under a pseudonym. *See Motion to Proceed Pseudonymously*, filed concurrently herewith. In addition, contemporaneous with signing this declaration, I have signed with my legal name a separate copy of this declaration. My attorneys have a copy of that separate declaration.

2

DocuSign Envelope ID: 0BC9D30B-9E04-48A2-876C-52C394D88140

2. My child, Linda Doe, is a 10-year-old transgender girl who lives with me in Richmond Hill, Georgia.

3. When Linda was 4 years old and attending daycare she started expressing a preference for "girl's" clothing. I provided her with such clothing which she started consistently wearing at home.

4. When Linda was 7, she started telling her classmates that she was 1/2 boy and 1/2 girl. She told me that God had put her "in the wrong body."

5. I discussed with the administration at Linda's school various issues that the administration had noticed and heard from Linda and other students. My decision was to support Linda, allow her to wear gender conforming clothing at school, and for the school to make a note that Linda was identifying as female.

6. The next school year, per Linda's request, which I supported, she began going by the name Linda at school.

7. Linda has socially transitioned, adopting a "girl's" hairstyle and clothing along with exclusively using the name Linda and female pronouns.

8. Linda is much happier since socially transitioning. Although she still faces bullying and teasing at school, she is confident in who she is and consistently expresses herself and identifies as female.

9. Linda has been diagnosed with gender dysphoria and has received care from her pediatrician and a counselor who specializes in gender dysphoria.

10. I have discussed with both parties Linda's long term treatment and care plans. In conjunction with their advice, we have determined the next step for Linda is to begin puberty blockers. Since Linda is 10 years old, I understand the onset of puberty could begin at any time.

11. We are continuing to monitor when puberty-blocking medication will be appropriate for Linda, after which it is anticipated she will undergo hormone therapy. The effect of Georgia's legislative ban, however, would prevent Linda from having the option for hormone therapy.

12. I want Linda to continue to develop with all the benefits of medically necessary healthcare as soon as I and her providers feel it is appropriate.

13. Unless the ban under S.B. 140 is enjoined, it will have devastating physical and psychological consequences for Linda. Further, it will deprive me of the ability to pursue the safe and effective course of care my daughter needs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of July 2023.



Nancy Doe

4