# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EMMA KOE, individually and on behalf of her minor daughter, AMY KOE; HAILEY MOE, individually and on behalf of her minor daughter, TORI MOE; PAUL VOE; ANNA ZOE, individually and on behalf of her minor daughter, LISA ZOE; TRANSPARENT, on behalf of its members, | Civil Action No. 1:23-cv-02904-SEG |
| Plaintiffs, | |
| v. | |
| CAYLEE NOGGLE, in her official capacity as Commissioner of the Georgia Department of Community Health; GEORGIA DEPARTMENT OF COMMUNITY HEALTH'S BOARD OF COMMUNITY HEALTH; NORMAN BOYD, ROBERT S. COWLES III, DAVID CREWS, RUSSELL CRUTCHFIELD, ROGER FOLSOM, NELVA LEE, MARK SHANE MOBLEY, CYNTHIA RUCKER, ANTHONY WILLIAMSON, in their official capacities as members of the Georgia Department of Community Health's Board of Community Health; THE GEORGIA COMPOSITE MEDICAL BOARD;  JOHN S. ANTALIS, SUBRAHMANYA BHAT, | |

| | |
|---|---|
| WILLIAM BOSTOCK, KATHRYN CHEEK, RUTHIE CRIDER, DEBI DALTON, CHARMAINE FAUCHER, AUSTIN FLINT, SREENIVASULU GANGASANI, JUDY GARDNER, ALEXANDER S. GROSS, CHARLES E. HARRIS, JR., J. JEFFREY MARSHALL, MATTHEW W. NORMAN, BARBY J. SIMMONS, in their official capacities as members of the Georgia Composite Medical Board; DANIEL DORSEY, in his official capacity as the Executive Director of the Georgia Composite Medical Board,  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PLAINTIFFS BY NANCY DOE, INDIVIDUALLY AND ON BEHALF OF HER MINOR DAUGHTER, LINDA DOE

Nancy Doe, individually and on behalf of her minor daughter, Linda Doe, has moved for leave to intervene as a party plaintiff in this case.[1] As set forth herein, the Court should grant Ms. Doe's motion because it is timely and her claims (both individually and on behalf of her minor child) share common questions of law with the current Plaintiffs in this action.

---

[1] Because of concerns about their privacy and safety, Ms. Doe and her minor daughter Linda are proceeding pseudonymously. *See* Motion for Leave to Proceed Under Pseudonyms, filed concurrently herewith.

2

I.     FACTUAL AND PROCEDURAL BACKGROUND

Linda Doe is a 10-year-old girl who resides with her mother Nancy Doe, in Richmond Hill, Georgia. (Declaration of Nancy Doe ("Doe Decl.") ¶ 2.) When Linda was 4 years old and attending daycare, she started expressing a preference for "girl's" clothing. (*Id.* ¶ 3.) Nancy provided her with such clothing which Linda started consistently wearing at home. (*Id.*)

When Linda was 7, she started telling her classmates that she was 1/2 boy and 1/2 girl. (*Id.* ¶ 4.) She told Nancy that God had put her "in the wrong body." (*Id.*)

Nancy discussed with the administration at Linda's school various issues that the administration had noticed and heard from Linda and other students. (*Id.* ¶ 5.) Nancy's decision was to support Linda, allow her to wear gender conforming clothing at school, and for the school to make a note that Linda was identifying as female. (*Id.*) The next school year, per Linda's request, which Nancy supported, she began going by the name Linda at school.  (*Id.* ¶ 6.)

Linda has socially transitioned, adopting a "girl's" hairstyle and clothing along with exclusively using the name Linda and female pronouns. (*Id.* ¶ 7.) Linda is much happier since socially transitioning. (*Id.* ¶ 8.) Although she still faces

bullying and teasing at school, she is confident in who she is and consistently expresses herself and identifies as female. (*Id.*)

Linda has been diagnosed with gender dysphoria and has received care from her pediatrician and a counselor who specializes in gender dysphoria. (*Id.* ¶ 9.) Nancy has discussed with both parties Linda's long-term treatment and care plans. (*Id.* ¶ 10.) In conjunction with their advice, she has determined the next step for Linda is to begin puberty blockers. (*Id.*) Since Linda is 10 years old, the onset of puberty could begin at any time. (*Id.*)

Nancy, along with Linda's pediatrician and counselor are continuing to monitor when puberty-blocking medication will be appropriate for Linda, after which it is anticipated she will undergo hormone therapy. (*Id.* ¶ 11.) The effect of Georgia Senate Bill 140, however, would prevent Linda from having the option for hormone therapy. Nancy desires Linda to continue to develop with all the benefits of medically necessary healthcare as soon as she and her providers feel it is appropriate. (*Id.* ¶ 12.) Unless enjoined, Georgia Senate Bill 140 will have devastating physical and psychological consequences for Linda and will deprive Nancy of the ability to make medical decisions in the best interest of her child, and within the appropriate and necessary timeframe for Linda. (*Id.* ¶ 13.)

On June 29, 2023, Plaintiffs filed their Complaint in this case. (Doc. 1.) Plaintiffs assert federal constitutional challenges to Georgia Senate Bill 140, a law passed during the 2023 Georgia legislative session that prohibits medical providers from treating gender dysphoria in minors with hormone therapy. (Doc. 1 ¶ 1.) Plaintiffs allege that the law violates the Fourteenth Amendment to the United States Constitution by preventing the parents from obtaining medically necessary care for their minor children. (Doc. 1 ¶¶ 118-125.) Plaintiffs further allege that the law violates the Equal Protection Clause of the Fourteenth Amendment because it singles out transgender minors and prohibits them from obtaining medically necessary treatment based on their sex and transgender status. (Doc. 1 ¶¶ 126-135.)

## II.   ARGUMENT AND CITATION OF AUTHORITY

"On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact." Fed R. Civ. P. 24(b). Generally, two questions must be addressed: whether "(1) the application to intervene was timely; and (2) [whether] the intervenor's claim or defense and the main action have a question of law or fact in common." *Parker v. Morton,* No. CV 18-00234-KD-B, 2019 WL 1645207, at *2 (S.D. Ala. Apr. 16, 2019), citing *Purcell v. BankAtlantic Fin. Corp*, 85 F.3d 1508,

1513 (11th Cir. 1996). In this case, the answer to both questions is yes and Ms. Doe's motion should be granted.

### A. Ms. Doe's Motion to Intervene is Timely

In deciding whether a motion to intervene is timely, the court must consider the following factors: (1) the length of time during which the proposed intervenor knew or reasonably should have known of his interest in the case before moving to intervene, (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as he knew or reasonably should have known of his interest, (3) the extent of prejudice to the proposed intervenor if the motion to intervene is denied, and (4) the existence of unusual circumstances militating either for or against a determination that the motion to intervene was timely. *Ga. v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002). Under this standard, Ms. Doe's motion is clearly timely.

First, Ms. Doe filed this motion only six days after Plaintiffs filed their Complaint (Doc. 1.) Thus, she clearly has acted promptly upon learning of her interest in the case.

With respect to the second question, "the relevant issue is not how much prejudice would result from allowing intervention, but rather how much prejudice

would result from the would-be intervenor's failure to request intervention as soon as he knew or should have known of his interest in the case." *Stallworth v. Monsanto, Inc.*, 558 F.2d 257, 267 (5th Cir. 1977).[2] Because Ms. Doe did not unreasonably delay in bringing her motion, there is no prejudice to any parties in the main action.  *See, e.g, Fla. Pediatric Soc. v. Sec'y of Fla. Agency for Health Care Admin.*, No. 05-23037CIV-JORDAN/M, 2008 WL 4072805, at *3–5 (S.D. Fla. July 30, 2008), report and recommendation adopted in relevant part sub nom. *Fla. Pediatric Soc. v. Benson,* No. 05-23037-CIV-JORDAN, 2008 WL 4072605 (S.D. Fla. Aug. 28, 2008) (citing *Stallworth* and stating in part "[a]s already noted, this Court does not believe that the Intervening Plaintiffs unreasonably delayed in bringing their Motion." ).

Moreover, discovery has not commenced in this case and although the Court has set a July 5, 2023 hearing concerning the Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, the Court has limited that hearing to "discussion of logistical matters concerning the TRO/preliminary injunction motion, including the setting of a forthcoming evidentiary hearing, and the length,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

substance, and timing of the same." (Doc. 29.) Thus, Ms. Doe's motion to intervene does not prejudice any current party or unduly delay any proceedings.

In contrast, Ms. Doe and her minor daughter would be severely prejudiced were the Court to deny Ms. Doe's motion to intervene. As set forth in Ms. Doe's declaration, the law at issue threatens her fundamental right to obtain, in consultation with medical professionals, the appropriate course of care and treatment for her daughter. And, the law violates her daughter's rights under the Equal Protection Clause of the Fourteenth Amendment by singling out transgender minors and prohibiting them from obtaining medically necessary treatment. These are the rights Ms. Doe is seeking to intervene to protect for herself and her child. Both Ms. Doe and her child would be prejudiced were she not permitted to do so.

Further, it would impose unnecessary costs and burdens upon Ms. Doe to require her to initiate a separate action. Moreover, such result would be wholly inconsistent with judicial economy. Accordingly, the Court should grant Ms. Doe's motion.

  B. *Ms. Doe's Claims Have Common Questions of Law with the Main Action*

Ms. Doe's proposed complaint, attached as Exhibit 2 to her motion, asserts the same causes of action against the same Defendants that are in the current Complaint. In fact, the primary difference between the two complaints is the

inclusion of Ms. Doe and Linda Doe, with specific allegations concerning their situations and the disastrous effect the law at issue will have upon them if allowed to stand. Thus, permissive intervention is plainly warranted under Rule 24(b).

## III. CONCLUSION

For the foregoing reasons, Ms. Doe respectfully requests that the Court grant this Motion and permit her to intervene as a plaintiff in this matter on her own behalf and on behalf of her minor daughter, Linda Doe.

This 5th day of July, 2023.

/s/ *Edward D. Buckley*
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@bbwmlaw.com
Thomas J. Mew IV
Georgia Bar No. 503447
tmew@bbwmlaw.com

BUCKLEY BALA WILSON MEW LLP
600 Peachtree Street NE, Suite 3900
Atlanta, GA  30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101
*Counsel for Nancy Doe individually and on behalf of her minor daughter Linda Doe*

9

## LR 5.1(C) FONT COMPLIANCE CERTIFICATION

The undersigned counsel certifies that the within and foregoing was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

>*/s/ Edward D. Buckley*
>Edward D. Buckley
>Georgia Bar No. 092750
>edbuckley@bbwmlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EMMA KOE, individually and on behalf of her minor daughter, AMY KOE; HAILEY MOE, individually and on behalf of her minor daughter, TORI MOE; PAUL VOE; ANNA ZOE, individually and on behalf of her minor daughter, LISA ZOE; TRANSPARENT, on behalf of its members, | Civil Action No. 1:23-cv-02904-SEG |
| Plaintiffs, | |
| v. | |
| CAYLEE NOGGLE, in her official capacity as Commissioner of the Georgia Department of Community Health; GEORGIA DEPARTMENT OF COMMUNITY HEALTH'S BOARD OF COMMUNITY HEALTH; NORMAN BOYD, ROBERT S. COWLES III, DAVID CREWS, RUSSELL CRUTCHFIELD, ROGER FOLSOM, NELVA LEE, MARK SHANE MOBLEY, CYNTHIA RUCKER, ANTHONY WILLIAMSON, in their official capacities as members of the Georgia Department of Community Health's Board of Community Health; THE GEORGIA COMPOSITE MEDICAL BOARD; JOHN S. ANTALIS, SUBRAHMANYA BHAT, | |

11

| | |
|---|---|
| WILLIAM BOSTOCK, KATHRYN CHEEK, RUTHIE CRIDER, DEBI DALTON, CHARMAINE FAUCHER, AUSTIN FLINT, SREENIVASULU GANGASANI, JUDY GARDNER, ALEXANDER S. GROSS, CHARLES E. HARRIS, JR., J. JEFFREY MARSHALL, MATTHEW W. NORMAN, BARBY J. SIMMONS, in their official capacities as members of the Georgia Composite Medical Board; DANIEL DORSEY, in his official capacity as the Executive Director of the Georgia Composite Medical Board, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2023, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PLAINTIFFS BY NANCY DOE, INDIVIDUALLY AND ON BEHALF OF HER MINOR DAUGHTER, LINDA DOE with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

/s/ Edward D. Buckley
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@bbwmlaw.com

12