# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

EMMA KOE, individually and on behalf of her minor daughter, AMY KOE; HAILEY MOE, individually and on behalf of her minor daughter, TORI MOE; PAUL VOE; ANNA ZOE, individually and on behalf of her minor daughter, LISA ZOE; TRANSPARENT, on behalf of its members,

        Plaintiffs,

   v.

CAYLEE NOGGLE, in her official capacity as Commissioner of the Georgia Department of Community Health; GEORGIA DEPARTMENT OF COMMUNITY HEALTH'S BOARD OF COMMUNITY HEALTH; NORMAN BOYD, ROBERT S. COWLES III, DAVID CREWS, RUSSELL CRUTCHFIELD, ROGER FOLSOM, NELVA LEE, MARK SHANE MOBLEY, CYNTHIA RUCKER, ANTHONY WILLIAMSON, in their official capacities as members of the Georgia Department of Community Health's Board of Community Health; THE GEORGIA COMPOSITE MEDICAL BOARD; JOHN S. ANTALIS, SUBRAHMANYA BHAT,

Civil Action No. 1:23-cv-02904-SEG

| | |
|---|---|
| WILLIAM BOSTOCK, KATHRYN CHEEK, RUTHIE CRIDER, DEBI DALTON, CHARMAINE FAUCHER, AUSTIN FLINT, SREENIVASULU GANGASANI, JUDY GARDNER, ALEXANDER S. GROSS, CHARLES E. HARRIS, JR., J. JEFFREY MARSHALL, MATTHEW W. NORMAN, BARBY J. SIMMONS, in their official capacities as members of the Georgia Composite Medical Board; DANIEL DORSEY, in his official capacity as the Executive Director of the Georgia Composite Medical Board, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MOVANT NANCY DOE, INDIVIDUALLY AND ON BEHALF OF HER MINOR DAUGHTER, LINDA DOE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED USING PSEUDONYMS**

Nancy Doe, on behalf of herself and her minor child, Linda Doe, has moved to intervene as Plaintiffs in this action. Nancy Doe on behalf of herself and her minor child, Linda Doe, seeks to proceed under fictitious names for both herself and her child to protect the identity of her minor child. Though Federal Rule of Civil Procedure 5.2(a) entitles the minor child Linda Doe to proceed under her initials, proceeding under a pseudonym rather than initials will protect both the Doe Family and, more particularly, Linda Doe, from harassment, discrimination,

2

and violence given the sensitive nature of these proceedings. It also will allow for ease of comprehension given the multiple plaintiffs involved in the case. Further, the identification of Nancy Doe by her legal name would likely erase Linda Doe's confidentiality because Linda Doe would be identifiable by the name of her parent.

Because Linda Doe's need for privacy and protection outweighs the presumption of openness in federal courts, and proceeding via pseudonyms will not prejudice the other parties, who will know the identities of the parties, Linda Doe and her parent, Nancy Doe, should they be allowed to intervene respectfully move to proceed under fictitious names.

In the Eleventh Circuit, "[a] party may proceed anonymously in a civil suit in federal court by showing that he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011) (internal quotation marks omitted); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). When the standard for anonymity is met, both minor litigants and their parents or guardians may proceed anonymously in order to sufficiently protect the minor's identity. *See, e.g.*, *D.L. ex rel. Phan L. v. Bateman*, 2012 WL 1565419, at *2 (M.D. Fla. May 2, 2012) (holding that legal

guardians may proceed anonymously where the "public disclosure of their identities would nullify any privacy protection given to their children alone").

A court should carefully review all circumstances of a given case and then decide whether the customary practice of disclosing the party's identity should yield to the party's privacy concerns. *Plaintiff B.*, 631 F.3d at 1316. Relevant circumstances include: (1) whether the persons seeking anonymity are challenging government activity; (2) whether the litigation would require those persons to disclose information of the utmost intimacy; (3) whether those persons are minors; (4) whether disclosure would make those persons the subject of retaliatory harassment or violence; and (5) whether anonymity poses a unique threat of fundamental unfairness to the defendant. *Id.*

Under the particular circumstances of this case, it is appropriate to allow the Doe Family to proceed anonymously through fictitious names. First, the Doe Family, along with the other Plaintiffs in this litigation, seeks to challenge government activity—specifically, the enactment of S.B. 140. Governmental entities do not have the same interest in protecting their reputation that private parties do. Because of this difference in reputational interests, "[b]asic fairness dictates that those among [a private party's] accusers who wish to participate in [a] suit as individual party plaintiffs must do so under their real names[,]" but the

same is not true of plaintiffs suing the government. *See S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

Second, this litigation involves very sensitive and personal information. Details of Linda Doe's medical history and experience as a transgender minor will be rendered public through this litigation. Courts have recognized the inherently private nature of a person's transgender status. *See, e.g.*, *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) ("The excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, is really beyond debate."); *Foster v. Andersen*, No. 18-2552-DDC-KGG, 2019 WL 329548, at *2 (D. Kan. Jan. 25, 2019) ("[T]he disclosure of [plaintiff]'s identity would reveal matters of a highly sensitive and personal nature, specifically [plaintiff]'s transgender status and his diagnosed medical condition—gender dysphoria."); *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018) (recognizing that "there are few areas which more closely intimate facts of a personal nature than one's transgender status") (internal quotation marks omitted); *Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015) (finding that disclosing plaintiffs' transgender status would implicate their fundamental right of privacy); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. 1992) (finding a substantial privacy

interest at stake for plaintiff seeking to recoup medical expenses incurred in connection with a sex change).

Third, Linda Doe is a minor. Fed. R. Civ. P. 5.2(a) already permits minor plaintiffs to proceed anonymously through their initials, recognizing an increased need for privacy and protection for matters involving children. Because of this increased need, courts have allowed both minors and their parents to proceed under pseudonyms where the interests of minor children are at stake. *See, e.g.*, *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) (observing that fictitious names are allowed when necessary to protect children's privacy); *Doe v. Stegall*, 653 F.2d, 180, 186 (5th Cir. 1981) (permitting minor children and their mother to use fictitious names as minor children are more vulnerable to potential harassment or violence against the family); *Doe v. Banos*, 713 F. Supp. 2d 404, 407 n.1 (D. N.J. 2010) (stating that the pseudonym of father and daughter was used "to protect the identity of the family because Jane Doe is a fifteen-year old minor"); *Sims v. Lakeside School*, No. 06-1412 RSM, 2007 WL 4219347, at *1 (W.D. Wash. November 28, 2007) (finding pseudonyms for both parents and children were appropriate in order to protect the interests of the minor children involved and recognizing a strong public policy in favor of protecting the identity of children). And courts have

granted permission to proceed using pseudonyms in cases, like this one, that involve claims by transgender youth. *See, e.g.*, *Doe et al. v. Ladapo et al.*, No. 4:23-cv-00114-RH-MAF, ECF No. 51, Order at 1 (N.D. Fla. May 3, 2023); *Doe v. Volusia Cnty. Sch. Bd.*, No. 18-cv- 00102-RBD-GJK, ECF No. 8, Order at 2 (M.D. Fla. Jan. 30, 2018); *Bd. of Educ. Highland Local Sch. Dist. v. U.S. Dep't of Educ.*, No. 16-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016); *Doe v. U.S.*, No. 16-0640, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016).

Fourth, transgender persons in the United States and, more particularly, transgender minors and their families, have regularly faced stigmatization, discrimination, and violence.[1] Numerous courts have reached this conclusion. *See, e.g.*, *Whitaker ex rel. Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017) ("There is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity.") (abrogated on other grounds); *Foster*, 2019 WL 329548,

---

[1] A 2015 study revealed that nearly half (48%) of transgender people have been denied equal treatment, verbally harassed, and/or physically attacked because of being transgender. And 54% of K-12 students who are or are perceived as being transgender reported experiencing verbal harassment, while 24% experienced physical attacks. *See* James, S. E., et al., *The Report of the 2015 U.S. Transgender Survey, Nat'l Ctr. for Transgender Equality*, 132, 198 (2016), available at extension://efaidnbmnnnibpcajpcglclefindmkaj/https://transequality.org/sites/default/files/docs/usts/USTS-Full-Report-Dec17.pdf.

at *2 ("[Plaintiff] alleges that disclosing his transgender status will subject him to discrimination, harassment, and violence. The court finds [plaintiff]'s fears are justified."); *see also F.V. v. Barron*, 286 F. Supp. 3d 1131, 1137–38 (D. Idaho 2018); *Arroyo*, 305 F. Supp. 3d at 333; *Ray v. Himes*, No. 2:18-cv00272-MHW- CMV, 2019 WL 11791719, at *2 (S.D. Ohio Sept. 12, 2019); *Love*, 146 F. Supp. 3d at 856; *Adkins v. City of New York*, 143 F. Supp. 3d 134, 139 (S.D.N.Y. 2015).

It is in part because of such risks of discrimination, harassment, and violence that courts have allowed transgender plaintiffs like Linda Doe to proceed under pseudonyms. *See, e.g.*, *Doe*, 794 F. Supp. at 73 (noting that "in this era of seemingly increased societal intolerance," the court "will not strip plaintiff of the cloak of privacy which shields him from the stigmatization he might otherwise endure"); *In re E.P.L.*, 891 N.Y.S.2d 619, 621 (N.Y. Sup. Ct. 2019) (shielding the publication of a transgender individual's name in seeking a court order regarding a name change based upon his "right to feel threatened for his personal safety in the event his transgender status is made public"). Indeed, the "most compelling situations [for pseudonymous plaintiffs] involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the

disclosure of the plaintiff's identity." *Doe*, 794 F. Supp. at 74.

Fifth, and finally, Defendants will not be prejudiced by the Doe Family proceeding pseudonymously. Indeed, the Doe Family does not seek to withhold their identities from Defendants, the other Plaintiffs, or the Court, but only to proceed pseudonymously and to prevent disclosure of their identities in public documents. Allowing the Doe family to proceed under pseudonyms under these conditions will not prejudice any other party; the parties will know their true identities, will have full discovery rights as the case progresses, and will only be barred from using or disclosing their names to the public or outside of litigation.

For these reasons, and where Linda Doe is already entitled to proceed anonymously under Fed. R. Civ. P. 5.2(a), Linda Doe's privacy rights outweigh the presumption of openness in judicial proceedings. The Court should likewise allow her parent Nancy Doe to proceed under pseudonym to protect Linda Doe's identity.

WHEREFORE, movant respectfully requests that the Court grant the Motion to Proceed Under Pseudonyms.

This 5th day of July, 2023.

*/s/ Edward D. Buckley*
Edward D. Buckley

9

Georgia Bar No. 092750
edbuckley@bbwmlaw.com
Thomas J. Mew IV
Georgia Bar No. 503447
tmew@bbwmlaw.com

BUCKLEY BALA WILSON MEW LLP
600 Peachtree Street NE, Suite 3900
Atlanta, GA  30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101
*Counsel for Nancy Doe individually and on behalf of her minor daughter Linda Doe*

## LR 5.1(C) FONT COMPLIANCE CERTIFICATION

The undersigned counsel certifies that the within and foregoing was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

> */s/ Edward D. Buckley*
> Edward D. Buckley
> Georgia Bar No. 092750
> edbuckley@bbwmlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EMMA KOE, individually and on behalf of her minor daughter, AMY KOE; HAILEY MOE, individually and on behalf of her minor daughter, TORI MOE; PAUL VOE; ANNA ZOE, individually and on behalf of her minor daughter, LISA ZOE; TRANSPARENT, on behalf of its members, | Civil Action No. 1:23-cv-02904-SEG |
| Plaintiffs, | |
| v. | |
| CAYLEE NOGGLE, in her official capacity as Commissioner of the Georgia Department of Community Health; GEORGIA DEPARTMENT OF COMMUNITY HEALTH'S BOARD OF COMMUNITY HEALTH; NORMAN BOYD, ROBERT S. COWLES III, DAVID CREWS, RUSSELL CRUTCHFIELD, ROGER FOLSOM, NELVA LEE, MARK SHANE MOBLEY, CYNTHIA RUCKER, ANTHONY WILLIAMSON, in their official capacities as members of the Georgia Department of Community Health's Board of Community Health; THE GEORGIA COMPOSITE MEDICAL BOARD; JOHN S. ANTALIS, SUBRAHMANYA BHAT, | |

| | |
|---|---|
| WILLIAM BOSTOCK, KATHRYN CHEEK, RUTHIE CRIDER, DEBI DALTON, CHARMAINE FAUCHER, AUSTIN FLINT, SREENIVASULU GANGASANI, JUDY GARDNER, ALEXANDER S. GROSS, CHARLES E. HARRIS, JR., J. JEFFREY MARSHALL, MATTHEW W. NORMAN, BARBY J. SIMMONS, in their official capacities as members of the Georgia Composite Medical Board; DANIEL DORSEY, in his official capacity as the Executive Director of the Georgia Composite Medical Board, <br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2023, I electronically filed the foregoing MOVANT NANCY DOE, INDIVIDUALLY AND ON BEHALF OF HER MINOR DAUGHTER, LINDA DOE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED USING PSEUDONYMS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

/s/ Edward D. Buckley
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@bbwmlaw.com