UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EMMA KOE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CAYLEE NOGGLE, et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:23-CV-2904-SEG |

**O R D E R**

This case is before the Court on (1) non-party Nancy Doe's motion to intervene on behalf of herself and her child, Linda Doe (Doc. 57) and (2) Plaintiffs' and Nancy Doe's motions for leave to proceed using pseudonyms (Doc. 3–7, 58). The motions are unopposed. Having considered the motions, the Court enters the following order.

**I.    Nancy Doe's Motion to Intervene (Doc. 57)**

This action challenges Senate Bill 140 ("SB 140"), Georgia's recently enacted ban on hormone replacement therapy for children experiencing gender dysphoria. On July 5, 2023, Nancy Doe filed a motion to intervene on behalf of herself and her child, Linda Doe. (Doc. 57.) Ms. Doe's proposed intervenor complaint contains allegations concerning Linda Doe's background and the anticipated effect of the challenged statute on the Doe family. (Doc. 57-2, 57-3

at 8–9.) It otherwise asserts the same claims against the same Defendants as Plaintiffs' complaint. (Doc. 57-2, 57-3 at 8.)

On July 6, 2023, the Court set an expedited briefing schedule for Ms. Doe's motion, requiring responses to be filed by July 14. (Doc. 62.) On July 14, Defendants responded that they did not oppose Ms. Doe's motion so long as Ms. Doe did not seek to modify the existing TRO and preliminary injunction briefing and hearing schedule. (Doc. 71.) Also on July 14, Nancy Doe filed (1) a notice stating that Plaintiffs consented to her motion to intervene (Doc. 72) and (2) a reply brief indicating that she did not seek to modify the existing schedule (Doc. 73).

Rule 24(b) of the Federal Rules of Civil Procedure provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Permissive intervention under Fed. R. Civ. P. 24(b) is thus appropriate if (1) Nancy Doe's claims and the main action have a question of law or fact in common, and (2) the intervention will not unduly prejudice or delay the adjudication of the parties'

rights. *See Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002).

Here, Ms. Doe's claims and those asserted in the main action share common questions of law and fact. Like the current parent-plaintiffs, Ms. Doe is a parent of a transgender child who alleges that SB 140 will deprive her child of care necessary for the treatment of gender dysphoria. Ms. Doe, like the parent-plaintiffs, claims that SB 140 discriminates on the basis of sex and transgender status in violation of the Equal Protection Clause and infringes on parents' fundamental right to direct the medical care of their children in violation of the Due Process Clause. Ms. Doe accordingly satisfies the first condition for permissive intervention.

The second condition is also satisfied. Ms. Doe moved to intervene on July 5, 2023—just days after Plaintiffs filed their complaint on June 29, 2023. Ms. Doe asserts the same legal claims and seeks the same relief as Plaintiffs. She does not seek either to introduce new claims or to modify the agreed-upon hearing schedule. Given the timeliness of Ms. Doe's motion, and the similarities between her proposed complaint and Plaintiffs' complaint, the Court concludes that intervention will not disrupt or delay the proceedings or otherwise harm any party's interest in asserting or defending their claims. *See, e.g., New Ga. Project v. Raffensperger*, No. 1:21-CV-01229-JPB, 2021 WL

2450647, at *2 (N.D. Ga. June 4, 2021) ("[B]ecause Proposed Intervenors moved to intervene soon after the complaints were filed (in all cases within one to two weeks) . . . allowing them to join the actions at this point will not cause undue delay or burden.").

For good cause shown, Ms. Doe's motion to intervene on behalf of herself and her daughter, Linda Doe (Doc. 57) is **GRANTED**. The Clerk is **DIRECTED** to file Ms. Doe's intervenor complaint on the docket. (Doc. 57-2.)

## II. Plaintiffs' and Nancy Doe's Motions for Leave to Proceed Using Pseudonyms (Doc. 3–7, 58)

Plaintiffs Emma Koe, Amy Koe, Hailey Moe, Tori Moe, Paul Voe, TransParent,[1] Anna Zoe, and Lisa Zoe have filed motions for leave to proceed in this litigation using pseudonyms. (Doc. 3–7.) Intervenor Nancy Doe similarly moved for leave to proceed by pseudonym on behalf of herself and her daughter. (Doc. 58.) On July 6, the Court set a briefing schedule in which it directed that responses to these motions should be filed by July 14. (Doc. 62.) On July 7, 2023, Defendants indicated that they did not intend to challenge the motions to proceed using pseudonyms. (Doc. 67 at 4.) Accordingly, no responsive briefs were filed.

---

[1] Plaintiff TransParent, an organization, seeks leave to proceed using pseudonyms for its members Rita and Bill Soe and their child, Brent Soe. (Doc. 6.)

4

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint" in federal court "must name all the parties" and that all other pleadings must name the first party on each side. While Rule 10(a) "creates a strong presumption of parties' proceeding in their own names," the rule is not absolute. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). "A party may proceed anonymously in a civil suit in federal court by showing that he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Francis*, 631 F.3d at 1315–16 (internal quotation marks omitted).

A court considering a party's request to proceed anonymously "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (emphasis in original). The first step in analyzing a plaintiff's claim of a substantial right of privacy is to consider three factors: (1) whether "the plaintiffs seeking anonymity [are] challenging governmental activity"; (2) whether the plaintiffs will "be required to disclose information of the utmost intimacy"; and (3) whether the plaintiffs will "be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution."

*Francis*, 631 F.3d at 1316. After considering the foregoing factors, courts may weigh other judicially recognized criteria, such as: (4) "whether the plaintiffs [are] minors"; (5) whether the plaintiffs will be "threatened with violence or physical harm by proceeding in their own names"; and (6) whether the plaintiffs' anonymity "pose[s] a unique threat of fundamental unfairness to the defendant[.]" *Id.*

Here, two of the three initial factors are relevant to the analysis. First, movants are challenging governmental activity. Namely, they seek to enjoin a portion of SB 140. While the fact that movants are suing the government does not weigh in favor of permitting them to proceed anonymously, neither does it weigh against their requests. *See, e.g., Freedom from Religion Found., Inc. v. Emanuel Cnty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1357 (S.D. Ga. 2015) (citing *Frank*, 951 F.2d at 324) ("It is not that suing the government weighs in *favor* of granting a request for anonymity; rather, the operative principle is that a suit against a private party weighs *against* a plaintiff's request for anonymity."); *see also Oldaker v. Giles*, No. 7:20-CV-00224 (WLS), 2021 WL 3412551, at *2 (M.D. Ga. Aug. 4, 2021) (permitting ICE detainees to proceed anonymously where the litigation revealed information of the utmost intimacy and detainees were "challenging government misconduct").

Second, in the prosecution of this action, movants will likely be required to disclose information of the utmost intimacy, including details of the movants' medical histories, experiences of gender dysphoria, and identification as transgender individuals.[2] Relevant here, courts have permitted plaintiffs to proceed anonymously in cases involving sexual orientation, transgender status, and other such sensitive matters because the potential stigma accompanying disclosure was "'enough to overcome the presumption of openness in court proceedings.'" *See Doe v. Neverson*, 820 F. App'x 984, 988 (11th Cir. 2020) (quoting *Frank*, 951 F.2d at 324); *see also Poe v. Drummond*, No. 23-CV-177-JFH-SH, 2023 WL 4560820, at *2–5 (N.D. Okla. July 17, 2023) (permitting five adolescent, transgender plaintiffs to proceed under pseudonyms, where plaintiffs sought to protect their private medical information and feared discrimination and harassment); *Bd. of Educ. of Highland Local Sch. Dist. v. U.S. Dep't of Educ.*, No. 16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016) (permitting transgender child to proceed anonymously where circumstances showed that plaintiff would be

---

[2] *See, e.g.,* Doc. 2-2 ¶¶ 15–18 (Plaintiff Emma Koe discussing details of her daughter's gender dysphoria, including symptoms, treatment, and conversations with doctors); Doc. 2-3 ¶¶ 11–13 (Plaintiff Hailey Moe discussing the same); Doc. 2-4 ¶¶ 14–17 (Plaintiff Paul Voe discussing the same); Doc. 2-5 ¶¶ 16–18 (Plaintiff Anna Zoe discussing the same).

required to disclose information of the utmost intimacy). This factor weighs in favor of permitting the requested relief.

The additional criteria identified in cases like *Francis* and *Frank* also weigh in favor of permitting movants to proceed by pseudonym. Most notably, the need to protect a plaintiff's identity may be heightened when the privacy interests of children are at stake. *Francis*, 631 F.3d at 1317 (reversing denial of motion to proceed anonymously in case involving sexual images of minor plaintiffs); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981) ("We view the youth of these plaintiffs as a significant factor in the matrix of considerations arguing for anonymity here.").

The Court further considers movants' fears that their children could be subject to stigma, discrimination, or other harm due to publication of their status as transgender individuals.[3] *See Neverson*, 820 F. App'x at 988 (explaining that the threat of social stigma may be sufficient to warrant proceeding anonymously); *see also Whitaker ex rel. Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017), *abrogated on other grounds by Ill. Republican Party v. Pritzker*, 973 F.3d 760

---

[3] *See, e.g.*, Doc. 2-5 ¶ 21 (Plaintiff Anna Zoe expressing concern that her child could be victimized); Doc. 2-2 ¶ 21 (Plaintiff Emma Koe expressing concern about transgender individuals being "attacked and targeted").

(7th Cir. 2020) ("There is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity."); *Foster v. Andersen*, No. 18-2552-DDC-KGG, 2019 WL 329548, at \*2 (D. Kan. Jan. 25, 2019) ("[Plaintiff] alleges that disclosing his transgender status will subject him to discrimination, harassment, and violence. The court finds [plaintiff]'s fears are justified."); *F.V. v. Barron*, 286 F. Supp. 3d 1131, 1137–38 (D. Idaho 2018) ("Statistics regarding the ongoing discrimination transgender individuals face highlight why involuntary disclosure of transgender status creates" risks of harassment and abuse).

Finally, the Court considers the fact that no Defendant has argued that permitting movants to proceed anonymously will pose a unique threat of fundamental unfairness. *Francis*, 631 F.3d at 1316. Defendants do not oppose the movants' requests, with the caveat that they will seek a confidentiality order to govern discovery.

Considering the totality of the circumstances, the Court concludes that movants have established a substantial privacy right that outweighs the presumption of openness in judicial proceedings. Plaintiffs' and Ms. Doe's motions to proceed using pseudonyms (Doc. 3–7, 58) are therefore **GRANTED**.

**SO ORDERED** this 26th day of July, 2023.

*[signature]*
SARAH E. GERAGHTY
United States District Judge