IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____

| | |
|---|---|
| EMMA KOE, individually and on behalf of her minor daughter, AMY KOE; HAILEY MOE, individually and on behalf of her minor daughter, TORI MOE; PAUL VOE; ANNA ZOE, individually and on behalf of her minor daughter, LISA ZOE; TRANSPARENT, on behalf of its members; and NANCY DOE, individually, and on behalf of her minor daughter, LINDA DOE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CAYLEE NOGGLE, in her official capacity as Commissioner of the Georgia Department of Community Health; GEORGIA DEPARTMENT OF COMMUNITY HEALTH'S BOARD OF COMMUNITY HEALTH; NORMAN BOYD, ROBERT S. COWLES III, DAVID CREWS, RUSSELL CRUTCHFIELD, ROGER FOLSOM, NELVA LEE, MARK SHANE MOBLEY, CYNTHIA RUCKER, ANTHONY WILLIAMSON, in their official capacities as members of the Georgia Department of Community Health's Board of Community Health; | Civil Action No.<br>1:23-cv-02904-SEG |

| | |
|---|---|
| THE GEORGIA COMPOSITE MEDICAL BOARD; JOHN S. SUBRAHMANYA BHAT, WILLIAM BOSTOCK, KATHRYN CHEEK, RUTHIE CRIDER, DEBI DALTON, CHARMAINE FAUCHER, AUSTIN FLINT, SREENIVASULU GANGASANI, JUDY GARDNER, ALEXANDER S. GROSS, CHARLES E. HARRIS, JR., J. JEFFREY MARSHALL, MATTHEW W. NORMAN, BARBY J. SIMMONS, in their official capacities as members of the Georgia Composite Medical Board; DANIEL DORSEY, in his official capacity as the Executive Director of the Georgia Composite Medical Board, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## SUPPLEMENTAL DECLARATION OF NANCY DOE

I, Nancy Doe,[1] hereby declare and state as follows:

1. I am over the age of eighteen, of sound mind, and in all respects competent to testify. I have personal knowledge of the information contained in this Declaration and would testify completely to those facts if called to do so.

---

[1] Contemporaneous with signing this declaration, I have signed with my legal name a separate copy of this declaration. My attorneys have a copy of that separate declaration.

2

2. My child, Linda Doe, is a 10-year-old transgender girl who lives with me in Richmond Hill, Georgia, which is just outside of Savannah.

3. When Linda was 4 years old and attending day care, she started expressing a preference for "girl's" clothing. I provided her with such clothing which she started consistently wearing at home.

4. When Linda was 7, she started telling her classmates that she was 1/2 boy and 1/2 girl. She told me that God had put her "in the wrong body."

5. I discussed with the administration at Linda's school various issues that the administration had noticed and heard from Linda and other students. My decision was to support Linda, allow her to wear gender conforming clothing at school, and for the school to make a note that Linda was identifying as female.

6. The next school year, per Linda's request, which I supported, she began going by the name Linda at school.

7. Linda has socially transitioned, adopting a "girl's" hairstyle and clothing along with exclusively using the name Linda and female pronouns.

8. Linda is much happier since socially transitioning. Although she still faces bullying and teasing at school, she is confident in who she is and consistently expresses herself and identifies as female.

9. Linda has been diagnosed with gender dysphoria and has received care from a therapist who specializes in gender dysphoria, her pediatrician and an endocrinologist.

10. I have consulted with all of these specialists about Linda's long-term treatment and care plans. In conjunction with the advice of her endocrinologist, we have determined the next step for Linda is to begin puberty blockers, which is scheduled to occur beginning next week.

11. After Linda receives puberty blocking medication, her endocrinologist and her pediatrician will determine when she commences hormone therapy. The effect of Georgia's legislative ban, however, would prevent Linda from having the option for hormone therapy.

12. If Linda is barred from receiving hormone therapy in Georgia, her options would be to either 1) discontinue puberty blockers, thereby allowing puberty to resume, which I do not believe would be safe for her mental health; 2) to continue puberty blockers until she reaches age 18, which I understand is also not medically safe and also raises serious concerns for me as a parent that Linda's mental health would suffer as her body would lag behind her peers developmentally; or 3) move to a state which allows hormone therapy so she can continue her medical care.

13. I am a working single mother. My job is in Savannah. My immediate family also lives in the Savannah area. My family provides my child and me with emotional support, and has provided emotional support to Linda regarding her decision to transition. I am provided health insurance through my job which includes Linda on the coverage. I cannot financially afford to move out of state and find another job that would provide healthcare for me and for my daughter.

14. I want Linda to continue to develop and transition with all the benefits of medically necessary healthcare starting with puberty blocker therapy and continuing with hormone therapy on a timetable that her medical care providers determine is appropriate.

15. Unless the ban under S.B. 140 is enjoined, it will have devastating physical and psychological consequences for Linda. She is aware of the legislation and it has caused her severe emotional distress and worry about her future. Further, the continuation of this law will deprive me of the ability to pursue the safe and effective course of care my daughter needs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of August 2023.

DocuSigned by:

*Nancy Doe*

CCFF0FA7EC3546F...

Nancy Doe