UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EMMA KOE, et al., | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 1:23-CV-2904-SEG |
| RUSSEL CARLSON, et al., | |
| Defendants. | |

**O R D E R**

This case is before the Court on Defendants' motion for reconsideration. (Doc. 108.)  On August 20, 2023, this Court entered a preliminary injunction that enjoined Defendants from enforcing portions of S.B. 140.  The Court did so having found that heightened scrutiny should be applied to the statute and that Plaintiffs were likely to succeed on their equal protection claim.  On August 21, 2023, the Eleventh Circuit Court of Appeals issued *Eknes-Tucker v. Governor of Alabama*, No. 22-11707, 2023 WL 5344981 (11th Cir. Aug. 21, 2023), which vacated an order that had preliminarily enjoined a similar Alabama statute.  The Eleventh Circuit panel in that case determined that the Alabama statute was subject to rational basis review under the Equal Protection Clause and that plaintiffs had failed to satisfy the preliminary injunction standard.

It is undisputed that this Court's preliminary injunction order rests on legal grounds that have been squarely rejected by the panel in *Eknes-Tucker,* and that this Court's injunction cannot stand on the bases articulated in the order. The parties disagree about how the Court should proceed.

Defendants ask the Court to reconsider and vacate the preliminary injunction order.[1] They contend that under *Eknes-Tucker,* S.B. 140 is subject to rational basis review, that Plaintiffs have no likelihood of prevailing under the rational basis standard, and that there are no alternative grounds that could justify enjoining S.B. 140. (Doc. 108.)

Plaintiffs urge the Court to maintain the injunction and offer alternative grounds for doing so. They argue first that S.B. 140 should be enjoined because it is a pretext for discrimination against transgender individuals, and second that the statute does not survive rational basis review. In the alternative, Plaintiffs argue that this Court should not "rush to rule" on Defendants' reconsideration motion before the Eleventh Circuit decides whether to hear

---

[1] Motions for reconsideration under Local Rule 7.2E "shall not be filed as a matter of routine practice," but only when "absolutely necessary." LR 7.2E, NDGa. A motion for reconsideration is generally appropriate where, as here, there is an intervening development or change in controlling law. *United States v. Cmty. Primary Care of Ga., LLC*, No. 1:19-CV-4316-MLB, 2023 WL 2563224, at *1 (N.D. Ga. Mar. 17, 2023) (citing *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003)).

*Eknes-Tucker* en banc, assuming it is asked to do so. (Doc. 116 at 22.) Plaintiffs point out that the mandate in *Eknes-Tucker* has not issued, and they urge the Court to wait, citing a newspaper article in which it is alleged that the *Eknes-Tucker* plaintiffs may seek rehearing.

As to Plaintiffs' alternative request – to leave the preliminary injunction in place while awaiting a decision as to whether *Eknes-Tucker* will be reheard en banc – the Court does not consider this to be a plausible or a lawful option. As the Defendants correctly state, *Eknes-Tucker* is binding precedent right now, notwithstanding the fact that the mandate has not issued. *See Martin v. Singletary*, 965 F.2d 944, 945 n. 1 (11th Cir. 1992); Fed. R. App. P. 36, 11th Cir. I.O.P. 2. It is not possible to leave the order in place for a period of unknown duration while matters play out in *Eknes-Tucker*.[2]

That said, the prospect of adjudicating the motion for reconsideration at the present moment is also fraught, given the possibility on the horizon of rehearing in *Eknes-Tucker*. Adjudication of the motion for reconsideration will require a full-blown, revised equal protection analysis. Undertaking that

---

[2] This is especially so as we do not know at this point whether the *Eknes-Tucker* plaintiffs will seek rehearing, and we certainly do not know if or when the Court of Appeals might grant or deny rehearing. It may be months before these issues are resolved.

analysis at this juncture could, if rehearing is sought and granted, conceivably result in a second order that conflicts with Circuit precedent.

Plaintiffs state that a petition for rehearing in *Eknes-Tucker* is due to be filed within 45 days of the Eleventh Circuit's August 21, order.[3] (Doc. 116 at 23 n. 4.) The Court deems it prudent to await further developments in *Eknes-Tucker* before adjudicating the motion to reconsider.

In the interim, the Court will **STAY** the preliminary injunction. The Court's August 20, 2023, order granting the preliminary injunction is hereby **STAYED** pending adjudication of Defendants' motion for reconsideration. The Court will adjudicate Defendants' motion for reconsideration promptly upon either (1) expiration of the period for seeking rehearing in *Eknes-Tucker,* if no rehearing is sought; or, if rehearing is sought (2) determination by the Court of Appeals as to whether rehearing will be granted.

---

[3] Pursuant to 11th Cir. R. 35-2, "[a] petition for en banc rehearing must be filed within 21 days of entry of judgment, except that a petition for en banc rehearing in a civil appeal in which the United States or an agency or officer thereof is a party must be filed within 45 days of entry of judgment. Judgment is entered on the opinion filing date."

**SO ORDERED** this 5th day of September, 2023.

*[signature]*
SARAH E. GERAGHTY
United States District Judge